TRORLICHT, DUNKER & RENARD CARPET COMPANY, Appellant, v. W. H. HATTON, Defendant; M. A. HATTON, Interpleader and Respondent.

Kansas City Court of Appeals, December 4, 1893.

1. **Fraudulent Conveyances:** EVIDENCE: INSTRUCTIONS. The evidence in this case fails to show fraud, and the instructions, if erroneous, are so in being unnecessarily liberal to plaintiff.

2. **Instructions:** TRIAL BEFORE COURT. In a trial before the court, the same strictness is not required in the instructions as is demanded before a jury.

*Appeal from the Boone Circuit Court.*—HON. JNO. A. HOCKADAY, Judge.

AFFIRMED.

*C. B. Sebastian* for appellant.

The declarations of law given by the court at the instance of the interpleader show that the case was tried upon the wrong theory, and the finding shows

that it was followed by an erroneous verdict. It is true the court gave the decaration of the law offered by the defendant in the interplea. *McNichols v. Rubleman*, 13 Mo. App. 515; *Seger's Sons v. Thomas Bros.*, 107 Mo. 635. How the trial court could declare the law of this case to embrace both doctrines when they have nothing in common and are entirely distinct, is a mystery to me. "Each instruction must be correct in itself, and all must be consistent with each other, and the whole taken together must present but one doctrine." *Modisett v. McPike*, 74 Mo. 636; *Thomas v. Babb*, 45 Mo. 384.

*Gordon, Gordon & Gordon* for respondent.

(1) The court committed no error in giving instruction numbered 3 for interpleader. *Forrester v. Moore*, 77 Mo. 651; *Shelly v. Boothe*, 73 Mo. 74; *Homes v. Braidwood*, 82 Mo. 610; *Albert v. Besel*, 88 Mo. 152; *Foster v. Planing Mill Co.*, 92 Mo. 88; *Sexton v. Anderson*, 95 Mo. 379; *Deering & Co. v. Collins & Son*, 38 Mo. App. 79; *State to use v. Laurie*, 1 Mo. App. 379; *Coffin Co. v. Rubleman*, 15 Mo. App. 287. (2) This court will not reverse a judgment because one of the instructions given might be technically erroneous, provided the instructions given, all taken together, fairly present the law on both sides of the case to the jury, or court sitting as a jury, and the whole in a manner that is not calculated to mislead. *Spillane v. Railroad*, 111 Mo. 564; *Bank v. Hatch*, 98 Mo. 378; *Muehlhausen v. Railroad*, 91 Mo. 346; *Whalen v. Railroad*, 60 Mo. 327; *Karle v. Railroad*, 55 Mo. 482. (3) Where the trial court is intrusted with both facts and law, the appellate court must assume the facts to be as the trial court found them, and has only the power to review the law declared by said court. *Swayze v. Bride*, 34

Mo. App. 416; *Taylor v. Penquite*, 35 Mo. App. 403, 525; *Gaines v. Fender*, 82 Mo. 509; *Hamilton v. Bogges*, 63 Mo. 252.

ELLISON, J.—Plaintiff brought this suit by attachment and levied upon a small stock of merchandise as the property of defendant. Interpleader filed her interplea for the property, and, on a trial before the court without a jury, recovered. Plaintiffs appeal.

It seems that interpleader was surety for defendant for the sum of $500, which defendant owed the Exchange National Bank of Columbia. That she remained his surety through several renewals up to the fifteenth of February, 1893. The bank demanded payment, and defendant executed and delivered to her, as reimbursement or indemnity, his note due one day after date, secured by a chattel mortgage on the goods in controversy. This mortgage was duly recorded, and a sale was thereafter had under its provisions in that regard, the interpleader becoming the purchaser. It is not claimed that the debt for which interpleader was surety was not real; or that she had not assumed it; or that she did not afterwards pay it. There was evidence tending to show a proper foreclosure (without fraud) of the chattel mortgage, and we are at a loss to find any just ground of complaint by plaintiff as to the finding made by the lower court.

There is a contention here that the court gave declarations of law for the respective parties which are inconsistent. It must be remembered, however, that this case was heard by the court without a jury, and the same strictness is not required in instructions that would be demanded were they presented to a jury. The declarations given for interpleader were proper, and, if there was anything approaching error, it was in giving the declaration asked by plaintiff, that is to

say, he was treated with more liberality by the court than was altogether necessary. The effect of the declarations, when read together, was to find for plaintiff if there was any fraud on the part of interpleader whether her claim was founded on a title as mortgagee or as absolute owner. If there was any inconsistency in the declaration it was all in favor of plaintiff, and it ought not to complain. In our opinion, the trial court could scarcely have found otherwise than it did.

We have given attention to the different suggestions made here by plaintiff, both at the oral argument and in the brief, especially as to how interpleader claimed the goods, and we find ourselves unable to say that any error has been committed. We affirm the judgment. All concur.